UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | 2:17-cr-00024-JMS-CMM |
| vs. ) | |
| ) | |
| PHILLIP E. CALDWELL, ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

On October 4, 2019, a final hearing in relation to a Petition for Warrant or Summons for Offender Under Supervision, filed on August 30, 2019. Phillip E. Caldwell ("Defendant") appeared in person with FCD counsel, Dominic Martin. The government appeared by Amanda Kester, Assistant United States Attorney. U.S. Probation appeared by Officer Jennifer Considine. The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petition.

2. The parties advised the Court that Defendant would admit to Violation Nos. 1-4 and 6, in relation to the petition filed on August 30, 2019. The Court dismisses Violation No. 5. The parties propose a term of imprisonment of ten (10) months with no supervised release to follow. The Court recommends that defendant be placed at FCI Elkton located in Lisbon, Ohio.

3. After being placed under oath, Defendant admitted Violation Nos. 1-4 and Violation No. 6 in relation to the petition filed on August 30, 2019.

4. The allegations to which Defendant admitted, as fully set forth in the petitions, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | "The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move." |
| | On August 23, 2019, the probation officer attempted to make contact with the offender at his last reported address of 320 Cossell Drive, Indianapolis, Indiana 46224. Collateral contact was made with his sister, who informed the probation officer Mr. Caldwell moved from the residence in "late July" (2019). Reportedly, he is homeless and was believed to be living "under a bridge in his car." He has not contacted the probation officer to report his homeless status. |
| 2. | "The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence. The defendant shall register within three days, and provide proof of registration to the Probation Officer within five days, of release from imprisonment." |
| | According to information from the Marion County Sheriff's Department (MCSD), the offender has not notified registration officials of his homeless status. As a homeless person, he would be required to report to MCSD weekly to update the sex offender registry. He last reported to MCSD on approximately August 6, 2019, and has not reported on a subsequent weekly basis thereafter. |
| 3. | "The defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such |

as polygraph and Abel testing. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider."

Mr. Caldwell participated in a psychosexual treatment program at Courage Counseling, Kokomo, Indiana, from approximately August 2017 through July 2019. Due to his relocation from Kokomo to Indianapolis, Indiana, in July 2019, he was being referred to the Indianapolis Counseling Center (ICC) in Indianapolis. However, to date, he has not began a treatment program at ICC.

It is noted, during the time of his participation in the program at Courage Counseling, reportedly the offender was resistant to treatment, displayed anger issues, was belligerent to the treatment provider, and made no progress. On approximately April 25, 2018, he was terminated from the program as a result of being disruptive in a group treatment session. He was later readmitted into the program after submitting a requested apology to his therapist and group members.

4. "Defendant shall possess or use computers, computer-related devices, screen/user names, passwords, e-mail accounts, and Internet Service Providers (ISPs) only within the scope of his employment or as otherwise approved by the Probation Office for personal use. After obtaining the Probation Office's approval for possession or use of a particular computer, computer-related device, screen/user name, password, e-mail account, or ISP, defendant need not obtain approval for subsequent use of that particular item."

As previously reported to the Court, on August 16, 2018, the offender was found to be in possession of a smartphone, which was capable of accessing the Internet. He did not have permission from the probation officer to possess or use an Internet-enabled device.

6. "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

On August 26, 2019, Mr. Caldwell contacted the probation officer and stated he was at the residence of a friend located at 5908 Greenfield Avenue, Indianapolis, Indiana, but would only be there until August 30, 2019, when he was told he would have to leave. He had no information as to where he would be living after that time. He was instructed to report to the probation office on August 28, 2019. After making several excuses about his inability to come, he agreed. Subsequently, on August 28, 2019, the probation officer received information from a Court Security Officer (CSO) that the offender arrived at the courthouse, but was demanding the probation officer meet him at the entrance. When he was given instructions to report directly to the probation office, he refused and said

the probation officer "better" meet him at the entrance. He also refused to go through a magnetometer, refused to be searched, and would not follow other directions given by CSOs, including refusing to leave the building. Upon deputies from the United States Marshals being called, he abruptly left, but sat outside on the steps of the courthouse for several minutes before leaving. Reportedly, he was extremely irate, belligerent, used profanity, and made some type of reference to the possession of a bomb. CSOs opined he appeared to cause a significant risk of danger to the safety of others.

It is noted the offender has had similar incidents with probation officers to include being belligerent, argumentative, using profanity, and refusing to follow instructions.

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade **B** violation.

   (b) Defendant's criminal history category is **I**.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **4 to 10** months imprisonment.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. §3583(h) and as more fully set forth on the record, finds that:

   (a) The Defendant violated multiple conditions of supervised release;

   (b) The agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge;

   (c) The Magistrate Judge recommends that the defendant be sentenced to a term of incarceration for **ten (10) months with no supervision to follow**. The Magistrate Judge further recommends that defendant be placed at FCI Elkton, OH.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have a 14-day right to appeal this recommendation on the record.

Dated: October 4, 2019

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system